# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

CRAIG STAGGS,                          Case No. 6:13-bk-12427-ABB
                                       Chapter 13

      Debtor.
_____/

ALLEN SMALLWOOD,                       Adv. No. 6:14-ap-00002-ABB
      Plaintiff

vs.

CRAIG STAGGS
      Defendant.
_____/

## **MEMORANDUM OPINION**

This matter came before the Court on Allen Smallwood's Complaint filed in Adversary Proceeding 6:13-ap-00002-ABB to determine whether the claim filed by Alan Smallwood (the "Creditor") in Debtor's main bankruptcy case is nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code. Judgment in favor of Debtor is due to be entered.

Debtor filed his voluntary chapter 13 petition on October 7, 2013. Plaintiff filed an unsecured claim in the amount of $120,000.00 (the "Claim") representing an amount adopted from Debtor's valuation of Plaintiff's claim in a previously filed bankruptcy case in the Middle District of Florida, Jacksonville Division (Case. No. 3:13-05444-PMG). The Claim arises from the Debtor's restoration and sale of a 1969 Pontiac GTO to Creditor in 2012 and represents an

award under Kansas State law, common law fraud, and attorney fees and costs assuming Creditor would be successful in Kansas State court litigation.

Debtor objected to Creditor's claim as contingent and failing to establish the claim would be recoverable in state court litigation or, in the alternative, to be limited to less than the maximum recovery possible (Doc. No. 26). Hearing on Debtor's Objection to Claim (Doc. No. 26) was continued until Debtor's Confirmation Hearing which will be set at a future date (Doc. No. 61). Creditor filed this Adversary Proceeding and requested a valuation of the Claim pursuant to Debtor's alleged violation of various Kansas State laws and common law fraud. Creditor's complaint failed to explicitly seek a determination of his Claim to be nondischargeable under 11 U.S.C. § 523(a)(2)(A), however, Creditor has asserted enough "direct or inferential allegations respecting all the material elements necessary" to sustain such relief. *See Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

A hearing was held on June 25, 2014 at which Debtor, Debtor's counsel, Creditor, counsel for Creditor, and the Chapter 13 Trustee appeared. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing testimony and argument, and being otherwise fully advised in the premises.

## Background

Creditor, living in Pennsylvania, sought to purchase a rust-free 1969 Pontiac GTO. Debtor, living in Kansas, sought to sell a 1969 Pontiac GTO on a website. Creditor found Debtor's website ad for the 1969 Pontiac GTO and contacted Debtor to purchase the car. The Parties entered into a contract for restoration and sale of a 1969 Pontiac GTO with Vehicle Identification Number ("VIN") 242379R182070 for $36,475.00 on June 11, 2012 (Creditor's Ex.

A) (the "Contract"). The intended completion date of the Contract was July 27, 2012 "subject to change if the customer makes changes or add-ins…" and was "to be governed and interpreted in accordance with the laws of the State of Kansas" (Creditor's Ex. A).

The Parties agreed to an addendum of the Contract (the "Addendum") in which Debtor agreed to additional restorations including installing air conditioning for an additional $8,293.00 bringing the total sales price to $43,698.00 which Creditor paid in full. The air conditioning installation was listed among a number of add-ins in the Addendum as follows:

> $1,269.00    Complete Air Conditioning System, includes AC firewall shell (AC VIN 131130) and ventilation system

The additional restorations delayed completion of the project and, after a series of communications between the Parties, Creditor arranged for the car to be picked up from Debtor in Kansas and brought to Creditor in Pennsylvania by a third party carrier.

The car allegedly had a number of serious issues upon arrival to Creditor. Creditor testified he attempted to contact Debtor about these issues, but never heard from him. The car currently sits in storage in Pennsylvania. Creditor filed suit against Debtor in the District Court of Johnson County, Kansas seeking damages for violations of Kansas State law which was stayed pending Debtor's bankruptcy filing.

## Findings of Fact

Creditor contends Debtor made a number of misrepresentations regarding the car, the restoration work Debtor could complete on the car, and the ability to title the car, including:

1. The car was from Texas;
2. The car was rust free;
3. Debtor could restore the car to "standard driver and show quality"; and

3

4. The car could be titled to Creditor;

Creditor asserts Debtor's representations were false and intentionally deceitful upon which Creditor reasonably relied to his detriment by purchasing a 1969 Pontiac GTO which was not from Texas, was not rust free, was not restored to "standard driver and show quality", and could not be titled in Creditor's name.

Debtor testified the Parties had agreed to substitute the car initially contracted for to a different 1969 Pontiac GTO because the air conditioning system could not be installed in a 1969 Pontiac GTO that was not originally designed to have air conditioning. Debtor explained the initial car never had an air conditioning system and one could not be installed without great expense (Transcript at 48, Lines 13-20).

Debtor stated he then purchased the car delivered to Creditor to provide Creditor with the desired air conditioning and that Creditor was made aware of this explicitly through conversations with Debtor and as evidenced by the VIN number listed on the Addendum in connection with the air conditioning line item (Transcript at 48, Lines 14-25)(Plaintiff's Ex. A). The VIN number on the Certificate of Title for the car sold to Creditor is 242379B131130 which is the VIN number of the car with the air conditioning system as listed on the Addendum. Creditor did not dispute this explanation. The Debtor's explanation of the discrepancy between the VIN number in the Contract and the VIN number on the Title is logical, persuasive, and establishes Debtor sold the car contracted for and did not sell a different car by means of fraud or deceit.

4

Debtor denied the car had any rust issues or other significant mechanical issues when the car was taken from Debtor to be delivered to Creditor. Debtor testified the car was driven onto the transport vehicle and any alleged issue with the car was due to the fact the car was taken out of Debtor's possession prior to completion of the restoration of the vehicle and was disclosed to Creditor (Transcript at 41, Lines 5-20). Creditor conceded Debtor "provided [Creditor] with a list of items that [Debtor] admitted [Debtor] did not complete in the restoration..." (Adv. Doc. No. 1 at 6, ¶ 27). Creditor did not provide any additional evidence of the car's alleged rust or other mechanical issues. Creditor's testimony is not sufficient to establish the car was rusted or was not in "standard driver and show quality" when delivered to Creditor, especially given there is no additional supporting evidence and both Parties acknowledge the car was taken from Debtor's possession before the car was fully restored.

Creditor testified he unsuccessfully attempted to title the car in Pennsylvania at a notary on three separate occasions because the Certificate of Title was not titled to Debtor (Transcript at 14, Lines 12-19). Creditor did not provide the relevant standard or statute for titling a vehicle in Pennsylvania, affidavits from the notary denying his title request, or any other evidence to corroborate the invalidity of the Certificate of Title.

Debtor testified the name on the title is the previous owner of the car and was not titled in his own name before selling it to Creditor because it is not necessary to do so when ownership of the car is for the purpose of refurbishing the car to resell it (Transcript at 54, Lines 15-18). Creditor's testimony is not sufficient to establish the car

could not be titled in Pennsylvania where the VIN number of the 1969 Pontiac GTO and the VIN number on the Certificate of Title were the same.

The burden of establishing Debtor's allegedly fraudulent acts and representations rests upon Creditor. Creditor has made several allegations about the Debtor's allegedly fraudulent conduct with respect to selling, restoring, and titling the 1969 Pontiac GTO. Creditor has not provided the statute or standard for titling vehicles in Pennsylvania, photographs of the rust on the vehicle, affidavits in support of any of Creditor's assertions, or any other supporting evidence. Creditor's contentions do not meet his burden where the Creditor has failed to provide any additional corroborating evidence and Debtor has provided reasonable explanations.

## Conclusions of Law

Section 523(a)(2)(A) of the Bankruptcy Code provides for the exception of a debt for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

To prevail on a claim of nondischargeability pursuant to §523(a)(2)(A) a creditor must establish:

1. the debtor made a false representation with the purpose and intention of deceiving the creditor;
2. the creditor relied on such representation;
3. the reliance was reasonably founded; and
4. the creditor sustained a loss as a result of the representation.

*In re Jones*, 176 B.R. 629, 634-35 (Bankr. M.D. Fla. 1995); *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577 (11th Cir.1986); *In re Graham*, 122 B.R. 447 (Bankr.M.D.Fla.1990)).

The burden is upon the creditor to establish all of the elements of fraud under Section 523(a)(2)(A). *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir.1994). A creditor must prove each element by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

Creditor admitted three exhibits into evidence:

1. The Contract and Addendum;
2. The Certificate of Title for a car with VIN 242379B131130; and
3. Debtor's Answer to Creditor's Complaint drafted without the assistance of counsel (Adv. Doc. No. 4).

Debtor referenced and discussed a number of exhibits during the Trial, but failed to move any into evidence. The testimony of the parties and the three exhibits admitted by Creditor do not establish Debtor committed fraud when he sold a 1969 Pontiac GTO to Creditor.

The evidence does not establish Creditor unwittingly purchased a 1969 Pontiac GTO different from what the Contract and Addendum provided. Creditor was aware he would be receiving a different 1969 Pontiac GTO to accommodate his request for installation of air conditioning.

Creditor was unable to establish he cannot title the vehicle in his name. The VIN number on the title given to Creditor by Debtor contains the same VIN number identified in the addendum of the 1969 Pontiac GTO with air conditioning.

Creditor did not establish the 1969 Pontiac GTO he received was rusted or otherwise failed to meet "standard driver and show quality." The 1969 Pontiac GTO may not have been completely restored as provided for in the Contract and Addendum, however, this was due to the

fact Creditor arranged for delivery of the car prior to Debtor's completion of the car's restoration and the incompleteness of the restoration was disclosed to Creditor.

The Creditor has the burden to establish any alleged fraud perpetrated by Debtor in connection with the sale and restoration of the 1969 Pontiac GTO. Creditor's accusations of fraud are without supporting evidence and Debtor's testimony provides reasonable explanations for the alleged fraud. Creditor has not met his burden to establish the debt owed to Creditor should be excepted from discharge pursuant to §523(a)(2)(A) of the Bankruptcy Code.

Accordingly it is,

**ORDERED, ADJUDGED and DECREED** that Alan Smallwood's claim is hereby **DISCHARGEABLE**; and it is further

**ORDERED, ADJUDGED and DECREED** that judgment in favor of Debtor is hereby entered.

Dated this  22  day of July, 2014.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge